UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANTONIO POWELL,

        Plaintiff,

v

AVON PRODUCTS,

        Defendant.

Civil Action No. **07 CIV. 1425 ROBINSON**

*COMPLAINT*
*and*
*JURY DEMAND*

---

Plaintiff, residing at 121 Sixth Street, Hillburn, New York, complaining of Defendant says:

### Parties

1. Plaintiff is a resident of the State of New York, County of Rockland.

2. Defendants Avon Products is, upon information and belief, a resident of the State of New York, with a place of business at Route 59, Suffern, New York, as well as an office at 1250 Avenue of the Americas, New York, New York.

### Venue and Jurisdiction

3. The venue is properly placed in the Southern District of New York, White Plains vicinage, as both parties are residents in Rockland County, New York.

4. This Court has jurisdiction under 28 USC 1331 as it involves questions under federal statutes 29 USC 621 and 29 USC 626, as well as under 28 USC 1367 over pendent state law claims.

**Factual Background**

5. Plaintiff was employed by Defendant Avon Products at its Suffern, New York facility, from about 1971 until June 13, 2006, eventually rising to the position of Quality Engineer Non Beauty Area. He was the only person in this position.

6. In June, 2006 Plaintiff was 56 years of age.

7. Plaintiff's job performance reviews for the years 2006, and all previous years had been satisfactory or better. He was never disciplined, nor was he ever criticized for his work.

8. On or about June 1, 2006, Plaintiff's supervisor Nancy Bates told him that his job was being eliminated.

9. On June 1, 2006, Plaintiff was offered a severance package that included two weeks pay per year of service, and continued medical benefits. To accept, Plaintiff was required to execute an agreement, which was prepared by Defendant and presented to him that day ("the Agreement"). Plaintiff was told to take the rest of the week off.

10. Even though the Agreement said that he had 45 days to consider the severance package, Plaintiff was pressured to sign the Agreement.

11. Pam Smoot and other employees told Plaintiff that, later, on June 1, 2006, at a staff meeting, Nancy Bates told the staff that she had decided "to go with a younger staff"; in the context of explaining why Plaintiff had left.

12. After Plaintiff was offered the severance package, he was replaced with a

younger person, Lisa Lynch about 43 years old.

13. From and after June, Plaintiff was pressured by Nancy Bates and others to execute the Agreement, and he did so on June 6, 2006, having been lead to believe that his salary would otherwise be cut off.

14. After executing the Agreement on June 6, 2006, but within the revocation period, Plaintiff consulted counsel and so advised Defendant, on June 9, 2006, implicitly revoking same.

15. On June 20, 2006, Defendant's counsel advised that he was represented.

16. On or about July 6, 2006, despite knowing that Plaintiff was represented by counsel, and that there should be no communication with him, Defendant's Personnel Department contacted Plaintiff and advised him that unless he executed a further release document immediately, he would lose his severance benefits.

17. Intimidated by this communication from Defendant and unable to immediately contact his attorney, Plaintiff went to Defendant's offices, which were only about two miles from his home. Defendant sent someone outside to his car with the documents, and he executed the release document that was presented to him.

18. The decision to terminate Plaintiff was clearly based on illegal age discrimination contrary to 29 USC 621 and New York State Executive Law § 290.

### First Cause of Action

19. Defendants actions in terminating Plaintiff were based on age, contrary to 29 USC 621, et seq.

20. Plaintiff was, at all times relevant, 56 years of age, and in the category protected by 29 USC 621.

WHEREFORE, Plaintiff demands Judgment on this Count against Defendant for compensatory and punitive damages, costs of suit, and reasonable attorney's fees.

### Second Cause of Action

21. Defendants actions in terminating Plaintiff were based on age, contrary to New York Executive Law § 290.

22. Plaintiff was, at all times relevant, 56 years of age, and in the category protected by New York Executive Law § 290.

WHEREFORE, Plaintiff demands Judgment on this Count against Defendant for compensatory and punitive damages, costs of suit, and reasonable attorney's fees.

### Third Cause of Action

23. Plaintiff repeats the allegations of Paragraph's 1 through 22.

24. Plaintiff was employed in Avon's Supplier Quality Unit. In June 2006, there were about ten (10) employees in this unit.

25. At least two other people were released at the same time, Angelina _____,

age 50; and Jackie Harp, about age 40.

26. On information and belief, it had long been Defendant's policy, practice, custom and usage to give two weeks pay per year of service to laid off exempt employees.

27. Defendant offered Plaintiff nothing for this release to which he was not already entitled by virtue of policy, practice, custom and usage.

28. Defendant did not comply with OWBPA, 29 USC 626, in dealing with Plaintiff in that:

    a. He was not given a list of all employees in the unit being terminated.

    b. He was not allowed 45 days to execute same.

    c. His effort to revoke the Agreement was ignored.

Dated: January 31, 2007

COTZ & COTZ

By _____
George J. Cotz
180 Franklin Turnpike
Mahwah, New Jersey 07430
Phone 201-512-9961
Fax    201-512-9963

### Jury Demand

Plaintiff demands trial by jury on all issues.

_____
George J. Cotz